WINDELS MARX LANE & MITTENDORF, LLP    **Hearing Date: February 11, 2016 at 10:00 a.m.**
*Attorneys for Alan Nisselson, Chapter 7 Trustee*
156 West 56th Street
New York, New York 10019
Tel. (212) 237-1000 / Fax. (212) 262-1215
Attorneys Appearing:  Howard L Simon (hsimon@windelsmarx.com)
                      Leslie S. Barr (lbarr@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re | |
|---|---|
| NARCO FREEDOM, INC., | Chapter 7 |
| Debtor. | Case No. 16-10123-smb |

**TRUSTEE'S REPLY TO OBJECTION OF JASON BRAND AND IN FURTHER SUPPORT OF MOTION FOR AUTHORITY (A) PURSUANT TO 11 U.S.C. § 721 TO OPERATE THE DEBTOR'S BUSINESS ON A LIMITED BASIS, AND (B) IN CONNECTION THEREWITH, ON AN INTERIM BASIS, TO IMMEDIATELY (i) EMPLOY THE TEMPORARY RECEIVER, HER REMAINING STAFF MEMBERS AND COMPUTER CONSULTANT PURSUANT TO 11 U.S.C. § 363, AND (ii) RETAIN THE TEMPORARY RECEIVER'S COUNSEL AS SPECIAL COUNSEL TO THE TRUSTEE PURSUANT TO 11 U.S.C. §§ 327(e)**

_____

**TO THE HONORABLE STUART M. BERNSTEIN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Alan Nisselson (the "**Trustee**"), the interim Chapter 7 Trustee of Narco Freedom, Inc. (the "**Debtor**"), by his general counsel, Windels Marx Lane & Mittendorf, LLP ("**Windels Marx**"), respectfully submits this reply to the objection of Jason Brand ("**Brand**" and the "**Brand Objection**") and in further support of the Trustee's motion to operate on a limited basis and related relief, including the employment of Lori Lapin Jones (the "**Receiver**") and retention of Garfunkel Wild ("**GW**") (the "**Motion**").[1]

---

[1] The Brand Objection is titled "Motion in Opposition to the Trustee's Order to Show Cause to Continue to Employ the Temporary Receiver and her Counsel, Garfunkel Wild, under this Voluntary Filing of the Bankruptcy as should be Excused under Section 543(d) subject to the Below Supporting Facts. The Brand Objection was filed as an adversary proceeding against Narco Freedom, Adv. Pro. No. 16-01017. [Docket No. 1].

{11174313:2}

## BACKGROUND

### The Important Work the Receiver
### and GW have Performed to Date

1. The Brand Objection is the only objection to the Motion. The Brand Objection does not oppose the Trustee's request for authority to operate the Debtor on a limited basis. Before specifically addressing the allegations in the Brand Objection makes as to the Receiver and GW, set forth below is a brief summary of the important and continuing work the Receiver and GW have done since the Trustee was appointed less than a month ago.

2. On January 19, 2016, the same day he was appointed, the Trustee filed the Motion seeking authority to operate and for other related relief. On the next day, the Court issued an Order to Show Case, which granted the Trustee the requested interim relief, including employment of the Receiver and the retention of GW. Since that time, the Trustee has been ably assisted by the Receiver and GW in carrying out "post transition"/"wind-up" work necessary for the orderly liquidation of the Debtor.

3. The Receiver and GW have already played a critical role assisting the Trustee in (a) preserving medical and business records of the Debtor; (b) responding to the Civil Investigation Demand issued by the United States, which requires the continuing review and production of documents responsive thereto; (c) insuring that tax forms were issued and sent to former employees; (d) responding to requests for medical records; (e) addressing maintenance and lease issues on the real estate owned by the Debtor; (f) providing the Trustee with full access to the Debtor's books and records and handling the transfer of bank accounts and (g) generally providing the Trustee with a wealth of historical information they possess regarding the Debtor.

4.     In addition at the Trustee's request, GW has engaged in communications with the United States Attorney's office and the New York Attorney General's office regarding the disposition of the desk top computers, records storage procedures and document destruction proceedings. The Trustee and his counsel have also consulted with the Receiver and GW regarding the pending criminal prosecution of the Debtor and the retention of special counsel to defend the interests of Debtor's estate in those proceedings. GW has further assisted the Trustee in addressing health care issues, which is an area of special expertise of its law practice.

5.     The efforts of the Receiver and GW have thus played and will, if the Trustee's Motion is granted, continue to play an important role in the Trustee's wind-up of the Debtor's business affairs in an orderly and efficient manner. Furthermore, their work has (and will) enhanced the Trustee's and his counsel's ability to expeditiously move forward on the more typical aspects of a Chapter 7 case. Since his appointment, the work of the Trustee and his general counsel includes:

(a)   Collecting almost $3 million from accounts turned over to the Trustee by the Receiver and from the receipt of funds owed to the Debtor;

(b)   Soliciting proposals from auctioneers and brokers with respect to the potential sale of the Debtor's real estate located at 2640 Third Avenue, Bronx, New York;

(c)   Engaging in discussions with Samaritan Village (one of the new providers who took over the clinical and housing operations of the Debtor) regarding its occupancy of the Debtor's real property and its possible interest in purchasing that real property, as well as computers and related equipment; and

(d)   Analyzing dozens of the Debtor's unexpired leases, executory contracts and other agreements and taking preliminary action with respect to a number of them.[2]

---

[2] The Trustee will be present at the Court hearing on the Motion and will, if the Court wishes, provide a full status report.

{11174313:2}                                        -3-

**ARGUMENT**

**The Brand Objection Should be Overruled**

6. As noted above, The Brand Objection does not contest the Trustee's request for authority to operate on a limited basis. For the reasons set forth in the Trustee's Motion and because the importance of the winding up the Debtor's affairs in an orderly manner has been demonstrated in the weeks since the Order to Show Cause was signed, this authority should be granted.

7. Much of the Brand Objection focuses its attacks on various persons and/or entities that are irrelevant to the Motion. For example, the Brand Objection alleges that Narco Freedom was operated properly and that its financial ruin was caused by false claims made by the United States against the company and the persons who operated the Company, including Brand and his father. The Brand Objection also devotes pages to attacking the Acacia Network, which was one of the two new providers that took over the Debtor's clinical and housing operations.

8. Those parts of the Brand Objection that do pertain to the Receiver and GW are also not germane to the Motion and/or are contrary to the record of the District Court proceedings governing the Receivership and the actions the Receiver took prior to the bankruptcy proceeding.

9. One of the assertions repeated throughout the Brand Objection is that the Receiver has not properly decided claims for money owed by the Debtor to Brand and to other employees of the Debtor. The existence of those claims, whatever their merit, will be addressed by the Trustee as part of the claims review process and are not a basis for contesting the Trustee's employment of the Receiver or retention of GW.

10. The Brand Objection also attacks various decisions the Receiver made pre-bankruptcy concerning operations of the Debtor and then the transitioning of its operations to

new providers.  Those allegations are also not a basis for contesting the Trustee's employment of the Receiver or retention of GW for two reasons.

11.  First, the services of the Receiver and GW will be provided under the direction of the Trustee, who will be responsible for all decisions.

12.  Second, while the Trustee does not have personal knowledge of events that took place prior to the bankruptcy, it appears that all salient aspects of the work of the Receiver were reviewed by District Judge Koeltl of the Southern District of New York.

13.  The record of the District Court docket shows that the Receiver filed detailed reports on a monthly basis and attended monthly court status conferences.  Fees paid to the Receiver and GW were approved each month by the District Court following the submission of fee applications and the time records.

14.  In addition, the District Court record indicates that all significant decisions by the Receiver, including those complained about by Brand, were approved by Judge Koeltl on motion and notice to the parties-in-interest.  See, Orders of the District Court of the Southern District of New York dated April 3, and May 15, 2015 appointing the Receiver and setting forth her powers and duties, dated July 16, 2015 and September 11, 2015 respectively approving the stabilization and transition plans and dated December 18, 2015 rejecting arguments that the Receiver should be directed to immediately make payment of certain claims including Brand's claim for vacation, personal and sick time.  (Federal Action Docket Nos. 161, 171, 192, 214, 248, 287 and 363).

15.  In sum, none of the allegations made in the Brand objection are a reason for denying the Trustee his request to employ the Receiver or retain GW.

**CONCLUSION**

16. For all the reasons set forth in the Motion and herein, the Trustee respectfully requests that the Court grant the Motion in its entirety.

Dated: New York, New York
       February 8, 2016

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Alan Nisselson, Chapter 7 Trustee*

By: /s/ Howard L. Simon
     Howard L. Simon (hsimon@windelsmarx.com)
     Leslie S. Barr (lbarr@windelsmarx.com)
     156 West 56th Street
     New York, New York 10019
     Tel. (212) 237-1000 / Fax. (212) 262-1215