| | |
|---|---|
| WINDELS MARX LANE & MITTENDORF, LLP<br>*Attorneys for Alan Nisselson, Chapter 7 Trustee*<br>156 West 56th Street<br>New York, New York 10019<br>Tel. (212) 237-1000 / Fax. (212) 262-1215<br>Attorneys Appearing:<br>Leslie S. Barr (lbarr@windelsmarx.com) | Hearing Date: November 2, 2017 at 10:00 a.m.<br>Objections Due: October 26, 2017 at 5:00 p.m. |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

NARCO FREEDOM, INC.,

　　　　　　　　　　　Debtor.

Chapter 7

Case No. 16-10123-smb

**TRUSTEE'S OBJECTIONS TO CLAIM 7 OF LAB CORP OF AMERICA HOLDINGS; CLAIM 45 OF RESTORED HOPE SERVICES; CLAIM 72 OF CARLOS RUBEN MELENDEZ; CLAIM 80 OF DE LAGE LANDEN FINANCIAL SERVICES; CLAIM 81 OF JAMES KING; CLAIM 90 OF WELLS FARGO VENDOR FINANCIAL SERVICES, LLC; CLAIM 91 OF GE EQUIPMENT SMALL TICKET, L.L.C. SERIES 2014-1; CLAIM 121 OF MICHAEL C. DEBERRY; CLAIM 176 OF GLORIA I. OLMO; AND CLAIM 186 OF VICTORIA WHELEN**

**TO THE HONORABLE STUART M. BERNSTEIN,**
**UNITED STATES BANKRUPTCY JUDGE:**

　　　　Alan Nisselson (the "**Trustee**"), chapter 7 Trustee of Narco Freedom, Inc. (the "**Debtor**"), by his undersigned counsel, hereby objects to Claim 7 of Lab Corp of America Holdings; Claim 45 of Restored Hope Services; Claim 72 of Carlos Ruben Melendez; Claim 80 of De Lage Landen Financial Services; Claim 81 of James King; Claim 90 of Wells Fargo Vendor Financial Services, LLC; Claim 91 of GE Equipment Small Ticket, L.L.C. Series 2014-1; Claim 121 of Michael C. DeBerry; Claim 176 of Gloria I. Olmo; and Claim 186 of Victoria Whelen, and in support, respectfully represents:

**I.　　Background**

　　　　1.　　On January 19, 2016 (the "**Petition Date**"), the Debtor's voluntary petition under chapter 7 of the Bankruptcy Code was filed with this Court. Alan Nisselson is the duly qualified

{11296662:4}

permanent trustee for the Debtor's estate.

2. On the Petition Date, the Court issued a Notice of the chapter 7 bankruptcy case filing and the establishment of May 18, 2016 as the deadline by which non-governmental entities could timely file proofs of claim (the "**Bar Date**"). (The deadline by which governmental entities could timely file proofs of claim was July 18, 2016.)

## II. Jurisdiction, Venue and Statutory Bases for Relief

3. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). Venue of this case and of this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502 of title 11, United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule**, or **Rules**"). The subject matter of this motion is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## III. Objections To Claims

**A.    Claim 7 of Lab Corp of America Holdings should be expunged.**

4. Lab Corp of America Holdings ("**LabCorp**") filed Claim 7 in the amount of $137,323.36 for "services performed". No documents supporting entitlement to payment for "services performed" are attached to Claim 7, and the Trustee cannot determine the validity of the claim without documentation. Accordingly, Claim 7 should be disallowed and expunged.

**B.    Claim 45 of Restored Hope Services should be expunged.**

5. Restored Hope Services, Inc. ("**Restored Hope**") filed Claim 45 based on an action it commenced in the Supreme Court of New York State, Bronx County titled *Restored*

*Hope Services, Inc. v. Narco Freedom, Inc.,* Index No: 304460/2015 asserting claims against the Debtor for alleged injuries sustained on or about January 2, 2015. On August 10, 2016, this Court entered a Stipulation and Order (Doc. No. 120) that, among other things, waived and released any and all claims Restored Hope may have against the Debtor's Estate, whether filed or unfiled, and any right to file a proof of claim for any amount in excess of available insurance coverage or any amounts within any insurance deductibles or self-insured retentions. Because Restored Hope waived and released all claims against the Debtor's estate pursuant to the August 10, 2016 Stipulation and Order, Claim 45 should be disallowed and expunged.

C. **Claim 72 of Carlos Ruben Melendez should be expunged.**

6. Carlos Ruben Melendez ("**Melendez**") filed Claim 72 based on his intent to commence an action asserting claims against the Debtor for alleged personal injuries sustained on or about September 21, 2015. On August 10, 2016, the Court entered a Stipulation and Order (Doc. 121) that, among other things, waived and released any and all claims Melendez may have against the Debtor's Estate, whether filed or unfiled, and any right to file a proof of claim for any amount in excess of the insurance coverage or any amounts within any insurance deductibles or self-insured retentions. Because Melendez waived and released all claims against the Debtor's estate pursuant to the August 10, 2016 Stipulation and Order, Claim 72 should be disallowed and expunged.

D. **Claim 80 of De Lage Landen Financial Services should be expunged pending proof of mitigation**.

7. De Lage Landen Financial Services ("**De Lage Landen**") filed Claim 80 for amounts allegedly due under various office, phone and computer equipment lease agreements executed by the Debtor. Upon information and belief, De Lage Landen retrieved the leased office, phone and computer equipment, but did not reduce the amounts asserted in Claim 80 for

{11296662:4}                                    3

the value of the repossessed equipment. Accordingly, unless De Lage Landen mitigates its claims by the value of the repossessed equipment, Claim 80 should be disallowed and expunged.

**E.      Claim 81 of James King should be expunged.**

8.      James King ("**King**") filed Claim 81 based on commenced an action in the Supreme Court of New York State, Kings County, titled *James King v. Narco Freedom, Inc.,* Index No: 14046/2015, asserting claims against the Debtor for alleged injuries sustained on or about September 30, 2015. On August 10, 2016, the Court entered a Stipulation and Order (Doc. 119) that, among other things, waived and released any and all claims King may have against the Debtor's Estate, whether filed or unfiled, and any right to file a proof of claim for any amount in excess of the insurance coverage or any amounts within any insurance deductibles or self-insured retentions. Because King waived and released all claims against the Debtor's estate pursuant to the August 10, 2016 Stipulation and Order, Claim 81 should be disallowed and expunged.

**F.      Claim 90 of Wells Fargo Vendor Financial Services, LLC should be should be expunged pending proof of mitigation.**

9.      Wells Fargo Vendor Financial Services, LLC ("**WFVFS**") filed Claim 90 for amounts allegedly due under an equipment lease for a Ricoh copier executed by the Debtor. Upon information and belief, WFVFS retrieved the copier, but did not reduce the amounts asserted in Claim 90 for the value of the repossessed equipment. Accordingly, unless WFVFS mitigates its claims by the value of the repossessed equipment, Claim 90 should be disallowed and expunged.

**G.      Claim 91 of GE Equipment Small Ticket, L.L.C. Series 2014-1 should be should be expunged pending proof of mitigation.**

10.      GE Equipment Small Ticket, L.L.C. Series 2014-1 ("**GE Equipment**") filed Claim 91 for amounts allegedly due under an equipment lease for a Ricoh copier executed by the

Debtor.  Upon information and belief, GE Equipment retrieved the copier, but did not reduce the amounts asserted in Claim 91 for the value of the repossessed equipment.  Accordingly, unless GE Equipment mitigates its claims by the value of the repossessed equipment, Claim 91 should be disallowed and expunged.

**H.     Claim 121 of Michael C. DeBerry should be expunged.**

11.    Michael C. DeBerry filed Claim 121 for no amount, which he later amended by filing Claim 139 for unpaid overtime pay in the amount of $9,524.00.  Because Claim 121 was amended, it should be disallowed and expunged.

**I.     Claim 176 of Gloria I. Olmo should be expunged.**

12.    Gloria I. Olmo ("**Olmo**") filed Claim 176 for unpaid vacation days, overtime, and severance pay for 17+ years in no amount stated.  Further, Olmo asserts in Claim 176 entitlement to priority under Bankruptcy Code § 507(a)(4) for no amount stated.  Claim 176 contains no supporting documentation, and the Trustee cannot determine the validity of the claim without documentation.  In addition, Claim 176 was filed after the Bar Date.  Accordingly, Claim 176 should be disallowed and expunged unless Olmo provides adequate documentation.  Alternatively, if Claim 176 is allowed, it should be classified as tardily filed.

**J.     Claim 186 of Victoria Whelen should be expunged.**

13.    Victoria Whelen ("**Whelen**") filed Claim 186 for unpaid vacation and overtime in the amount of $25,000.00.  Whelen asserts in Claim 186 entitlement to priority under Bankruptcy Code § 507(a)(4) for no amount stated.  Claim 186 contains no supporting documentation, and the Trustee cannot determine the validity of the claim without documentation.  In addition, Claim 186 was filed after the Bar Date.  Accordingly, Claim 186 should be disallowed and expunged unless Whelen provides adequate documentation of the basis

of the claim and the priority amount asserted. Alternatively, if Claim 186 is allowed, it should be classified as tardily filed only as to the allowed general unsecured claim amount.

### IV.    Reservation of Rights

14.    The Trustee hereby reserves the right to object in the future to any of the proofs of claim listed in this objection on any ground, and to amend, modify, and/or supplement this objection to the extent an objection to a claim is not granted. A separate notice and hearing will be scheduled for any such objection.

15.    Notwithstanding anything contained in this Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights the Trustee may have to (a) bring avoidance actions under the applicable sections of the Bankruptcy Code against holders of claims subject to the Objection, or (b) exercise his right of setoff against the holders of such claims related to such avoidance actions.

### V.    Notice

16.    Notice of this Objection has been provided in accordance with Bankruptcy Rule 3007. The Trustee submits such notice is sufficient and no other or further notice need be given.

### VI.    Other Related Relief

17.    The Trustee respectfully requests the Court waive the prohibition under Bankruptcy Rule 3007(c), to the extent it might be applicable, against including objections to more than one claim in a single objection. This motion clearly delineates the particular facts and grounds for each objection made to each claim, thereby preserving each such claim holder's due process rights.

18.    No prior request for the relief sought in this motion has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests the Court enter an Order substantially in the form attached as **Exhibit "A"** granting the relief requested herein, and such other relief as is just.

Dated: New York, New York
       September 18, 2017

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Alan Nisselson, Chapter 7 Trustee*

By: */s/ Leslie S. Barr*
     Leslie S. Barr (lbarr@windelsmarx.com)
     156 West 56th Street
     New York, New York 10019
     Tel. (212) 237-1000 / Fax. (212) 262-1215

# EXHIBIT A

# Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re | |
|---|---|
| NARCO FREEDOM, INC., | Chapter 7 |
| | Case No. 16-10123-smb |
| Debtor. | |

**ORDER GRANTING TRUSTEE'S OBJECTIONS TO CLAIM 7 OF LAB CORP OF AMERICA HOLDINGS; CLAIM 45 OF RESTORED HOPE SERVICES; CLAIM 72 OF CARLOS RUBEN MELENDEZ; CLAIM 80 OF DE LAGE LANDEN FINANCIAL SERVICES; CLAIM 81 OF JAMES KING; CLAIM 90 OF WELLS FARGO VENDOR FINANCIAL SERVICES, LLC; CLAIM 91 OF GE EQUIPMENT SMALL TICKET, L.L.C. SERIES 2014-1; CLAIM 121 OF MICHAEL C. DEBERRY; CLAIM 176 OF GLORIA I. OLMO; AND CLAIM 186 OF VICTORIA WHELEN**

Upon the Objection dated September 18, 2017 (Doc. ___) (the "**Objection**") of Alan Nisselson (the "**Trustee**"), chapter 7 Trustee of Narco Freedom, Inc. (the "**Debtor**"), pursuant to section 502 of title 11, United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided in accordance with Bankruptcy Rule 3007; and a hearing having been held on November 2, 2017 to consider the relief requested in the Objection (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that:

{11296662:4}                                                                9

1. Claim 7 of Lab Corp of America Holdings, Claim 45 of Restored Hope Services, Claim 72 of Carlos Ruben Melendez, Claim 80 of De Lage Landen Financial Services, Claim 81 of James King, Claim 90 of Wells Fargo Vendor Financial Services, LLC, Claim 91 of GE Equipment Small Ticket, L.L.C. Series 2014-1, Claim 121 of Michael C. DeBerry, Claim 176 of Gloria I. Olmo, and Claim 186 of Victoria Whelen are hereby disallowed and expunged.

2. The Trustee and the Clerk of the Court are authorized to take all actions necessary or appropriate to give effect to this Order.

3. This Court shall retain jurisdiction over the Trustee and the claimants whose claims are subject to the Objection with respect to any matters related to or arising from the Objection or the implementation of this Order.

Dated: New York, New York
_____ \_\_, 2017

United States Bankruptcy Judge