**GARFUNKEL WILD, P.C.**
*Special Counsel to Alan Nisselson,*
*as Chapter 7 Trustee for the Debtor*
111 Great Neck Road
Great Neck, New York 11021
Phone: (516) 393-2200
Fax: (516) 466-5964
Burton S. Weston

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re:

NARCO FREEDOM, INC.,                                    Chapter 7
                                                        Case No. 16-10123 (SMB)
            Debtor.
-----------------------------------------------------------x

**COVER SHEET TO FINAL APPLICATION FOR APPROVAL OF FEES AND**
**REIMBURSEMENT OF EXPENSES BY GARFUNKEL WILD, P.C.**
**AS SPECIAL COUNSEL TO ALAN NISSELSON, AS**
**CHAPTER 7 TRUSTEE FOR NARCO FREEDOM, INC.**

| Name Of Applicant: | Garfunkel Wild, P.C. |
|---|---|
| Role in Case: | Special Counsel to Alan Nisselson, as Chapter 7 Trustee for the Debtors |
| Date of Retention: | February 11, 2016 |
| Period For Which Compensation and Reimbursement are Sought: | January 19, 2016 through and including October 31, 2017 |

| **GARFUNKEL WILD, P.C.**<br>*Special Counsel to Alan Nisselson, as Chapter 7 Trustee*<br>111 Great Neck Road<br>Great Neck, New York 11021<br>Telephone (516) 393-2200<br><br>Attorney Appearing:<br>Burton S. Weston<br>(bweston@garfunkelwild.com) | Hearing Date: TBD | |
|---|---|---|
| | Objections Due: TBD | |
| | Fees Sought for Allowance and Payment for the Final Fee Period: | $20,311.00 |
| | Expenses Incurred and Sought For Allowance and Payment for the Final Fee Period: | $9.92 |
| | Fees Sought for Allowance and Payment for the Total Fee Period: | $108,219.75 |

4654563v.1

|  | Expenses Incurred and Sought For Allowance and Payment for the Total Fee Period: | $345.43 |
|---|---|---|
|  | Fees Previously Paid Pursuant to the First Interim Fee Order: | $70,327.00 |
|  | Expenses Previously Paid Pursuant to the First Interim Fee Order: | $335.51 |

**GARFUNKEL WILD, P.C.**
111 Great Neck Road
Great Neck, New York 11021
Telephone: (516) 393-2200
Telefax: (516) 466-5964
Burton S. Weston, Esq.

*Special Counsel to Alan Nisselson,*
*as Chapter 7 Trustee for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re:                                              Chapter 7

NARCO FREEDOM, INC.,                                Case No.: 16-10123 (SMB)

                    Debtor.

---------------------------------------------------------------x

### FINAL APPLICATION FOR APPROVAL OF FEES AND REIMBURSEMENT OF EXPENSES BY GARFUNKEL WILD, P.C. AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE

Garfunkel Wild, P.C. ("GW"), as special counsel to Alan Nisselson, in his capacity as Chapter 7 Trustee (the "Trustee") for the above captioned debtor (the "Debtor"), respectfully submits this application (the "Application"), pursuant to section 330(a) of the Bankruptcy Code, for the entry of an Order (i) approving GW's final request for allowed fees in the amount of $20,311.00 and reimbursement of expenses in the amount of $9.92 (the "Final Fee Request") for the period of January 1, 2017 through October 31, 2017 (the "Final Fee Period"), and (ii) granting final approval of GW's fees and expenses for the period of January 19, 2016 through October 31, 2017 (the "Total Fee Period").

#### Background

1. GW was retained and employed as special counsel to the Trustee, on an interim basis, *nunc pro tunc* as of January 19, 2016 (the "Petition Date") through March 25, 2016 pursuant to an Order of the Court dated February 11, 2016 [Docket No. 35]. Thereafter, GW

was retained on an ongoing basis pursuant to an Order of the Court dated March 21, 2016 [Docket No. 61]. The Orders authorizing GW's retention are annexed hereto as Exhibit E. GW previously filed its *Application Pursuant to Bankruptcy Code §§ 328, 330 and 331 and Federal Rule of Bankruptcy Procedure 2016(A) Garfunkel Wild, P.C., Attorneys for the Chapter 7 Trustee, for First Interim Allowance and Payment of Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period January 19, 2016 Through December 31, 2016* (the "First Interim Fee Application") [Docket No. 180], which was approved by Order of the Court, less a 20% holdback (the "First Interim Fee Order") [Docket No. 192].

2. GW makes this application, pursuant to section 330(a) Bankruptcy Code, for the final allowance of compensation for actual and necessary services rendered by GW during the Total Fee Period in the aggregate amount of $108,219.75. In addition, GW seeks final allowance for the reimbursement of $345.43 for actual and necessary costs and expenses incurred during the Total Fee Period. This request includes the amounts incurred during the Final Fee Period, as well as the amounts incurred during the period of January 19, 2016 through December 31, 2016 (the "First Interim Fee Period"), which were addressed in the First Interim Fee Application.

3. During the Final Fee Period, GW's attorneys and paraprofessionals incurred $20,311.00 in billable time representing 46.3 hours of work on behalf of the Trustee through October 31, 2017, which remain unpaid. Also during the same period, GW incurred actual and necessary costs and expenses totaling $9.92. Under the terms of the Orders authorizing GW's retention, GW has agreed to reduce its fees by 10%.

2

4648751v.1

4.  Previously, during the First Interim Fee Period, GW's attorneys and paraprofessionals incurred $98,787.50 in billable time representing 276.70 hours of work on behalf of the Trustee. GW voluntarily reduced its fees for the First Interim Fee Period to $87,908.75. The Court granted GW's First Interim Free Application and awarded GW its fees, less a 20% holdback, and 100% of its expenses. To date, and pursuant to the First Interim Fee Order, GW has received $70,327.00 in fees and $335.51 in expenses for the Total Fee Period.

### Services Rendered by GW During the Final Fee Period

5.  As set forth in GW's retention application, GW is a prominent healthcare specialty firm, with substantial expertise in healthcare, corporate and debt restructuring transactions (with emphasis in the healthcare industry), as well as in healthcare regulation – expertise that was required by the Trustee in this Chapter 7 case. Additionally, GW was retained as counsel to the pre-petition federal court-appointed federal receiver of Narco Freedom, Inc., and as such, GW had a depth of familiarity with the facts of this case and expertise in the applicable areas of practice essential in assisting the Trustee and its counsel with discrete tasks.

6.  During the Final Fee Period GW continued to assist the Trustee and his counsel in connection with litigation against the Debtor. On the Petition Date, the Debtor was a defendant in multiple actions which were stayed upon the filing of the bankruptcy petition. During the Final Fee Period GW continued to consult with the Trustee on developments in several of these actions.

7.  GW also regularly communicated with the Debtor's bankruptcy counsel and insurance carriers to apprise them of the status of actions and to assist the Estate in recovering defense costs previously incurred by the Debtor in defense of these actions. GW's efforts

3

4648751v.1

ensured that insurance coverage was not improperly denied and that meaningful amounts of Estate fees, previously expended, were recovered for the benefit of creditors.

8. During the Final Fee Period, GW continued to assist the Trustee in ongoing discussions with the New York State Office of the Medicaid Inspector General ("OMIG") concerning the proposed resolution of pending audits by OMIG and a proof of claim filed by OMIG for over $1 million. Specifically, GW continued discussions with OMIG, originally initiated prepetition, regrading a resolution of OMIG's claims and provided advice to the Trustee in this regard.

9. Also during the Final Fee Period, GW expended time reviewing and preparing GW's monthly billing and fee statements and preparing both this Application and the First Interim Fee Application. Each monthly statement was carefully reviewed and scrutinized for accuracy prior to submission.

10. During the Final Fee Period, GW's attorneys and paraprofessionals expended a total of 46.3 hours for which compensation is requested. Pursuant to the UST Guidelines, annexed hereto as Exhibit B is a schedule setting forth all professionals and paraprofessionals who have performed services in this Chapter 7 Case during the Final Fee Period, the capacity in which each such individual is employed, the hourly billing rate charged for services performed by such individual, the aggregate number of hours expended in this matter and fees billed therefor, and the year in which each professional first was licensed to practice law. Also attached as Exhibit C is a schedule specifying the categories of expenses for which GW is seeking reimbursement and the total amount for each such expense category for the Final Fee Period.

4

4648751v.1

11. GW maintains computerized records of all daily time entries completed by its attorneys and paraprofessionals. Pursuant to Section II.D. of the UST Guidelines, annexed hereto as <u>Exhibit D</u> is a summary of GW's time records which provide detailed descriptions of the day to day services provided by GW during the Final Fee Period.

12. This Application has been prepared in accordance with the Amended Guidelines for Professional Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, effective as of February 5, 2013 (the "<u>Local Guidelines</u>"), and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "<u>UST Guidelines</u>"). Pursuant to the Local Guidelines, a certification regarding compliance with same is attached hereto as <u>Exhibit A</u>.

13. GW respectfully submits that the foregoing professional services performed by it were necessary and appropriate to assist the Trustee in the administration of the Debtors' Chapter 7 Cases. The professional services performed by GW were in the best interests of the estates and other parties in interest. The compensation requested for the foregoing services is commensurate with the complexity and the importance in nature of the problems, issues and tasks involved. Additionally, all of the services were rendered in an expeditious and efficient manner, with the use of appropriate staffing for each assignment so as to minimize the costs to the Debtors. Due in part to GW's extensive experience in representing healthcare entities, GW was uniquely qualified to ensure that no more time was spent on each task than was necessary.

14. GW's rates for professionals are reasonable, and consistent with those charged by other similar firms. The fees charged herein are consonant with the market rate for comparable

5

4648751v.1

services. Accordingly, GW submits that pursuant to the applicable criteria for chapter 7 cases, and based upon the factors considered pursuant to section 330 of the Bankruptcy Code in conjunction with the provisions of Bankruptcy Rule 2016, the results that have been achieved in this case justify the compensation requested.

15. Section 330(a) of the Bankruptcy Code provides for the compensation of reasonable and necessary services rendered by professionals "based on time, the nature, the extent and the value of such services, and the cost of comparable services other than in a case under this title..." 11 U.S.C. § 330. Thus, section 330 of the Bankruptcy Code provides that fees awarded to professionals must be both necessary and reasonable. *In re Keene Corp.*, 205 B.R. 690, 696 (Bankr. S.D.N.Y. 1997). The test for determining necessity is objective, focusing on what services a reasonable lawyer would have performed under the circumstances. *In re Angelika Films 57th, Inc.*, 227 B.R. 29, 42 (Bankr. S.D.N.Y. 1998). This test does not rely on hindsight to determine the ultimate success or failure of the attorney's actions. *Id. See also*, *Keene*, 205 B.R. at 696. Ultimately, "if the services of a debtor's attorney are reasonably likely to benefit the debtor's estate, they should be compensable." *Angelika Films*, 227 B.R. at 42.

16. GW respectfully submits that the services for which it seeks compensation in this Application were necessary to the Debtors' cases. Throughout the Final Fee Period, GW has encountered issues that called upon many areas of legal expertise, including healthcare, regulatory matters, and corporate finance. GW's attorneys were called upon to render advice in all these areas and have done so with skill and efficiency.

### Reimbursement of Expenses

17. As part of this Application, GW also seeks reimbursement of expenses incurred during the Final Fee Period in the amount of $9.92. These expenses are summarized and described in Exhibit C.

18. GW's regular practice is to charge its clients in all areas of practice for identifiable, non-overhead disbursements incurred in connection with the client's case that would not have incurred absent GW's representation of such client. Expenses include costs for photocopying and courier services. All expenses for which reimbursement are sought fall within the permissible limits of the UST Guidelines.

### Conclusion

19. Accordingly, based on all the above, GW respectfully requests the Court approve GW's fees in in the amount of $20,311.00 and reimbursement of expenses in the amount of $9.92 for the Final Fee Period, grant final approval of GW's fees in the amount of $108,219.75 and reimbursement of expenses in the amount of $345.43 for the Total Fee Period, and grant such other and further relief as is just and proper.

Dated: Great Neck, New York
      November 3, 2017

                                              **GARFUNKEL WILD, P.C.**
                                              *Special Counsel to the Trustee*

                                              By: /s/ Burton S. Weston
                                                  Burton S. Weston, Esq.
                                                  111 Great Neck Road
                                                  Great Neck, NY 11021
                                                  Telephone: (516) 393-2200